**SO ORDERED.**

**SIGNED this 05 day of January, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **CAREMERICA, INC.** | **06-02913-8-JRL** |
| **DEBTOR** | |
| | |
| **JAMES B. ANGELL, TRUSTEE** | |
| **Plaintiff** | **ADVERSARY PROCEEDING NO.** |
| v. | **L-08-00157-8-AP** |
| **FIRST EASTERN, LLC** | |
| **Defendant.** | |

**ORDER REGARDING DEFENDANT'S MOTION TO DISMISS**

The matter before the court is the motion filed by the defendant, First Eastern, LLC, to dismiss this adversary proceeding pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. A hearing took place in Raleigh, North Carolina on December 14, 2009.

On September 15, 2006, Caremerica, Inc., Caremerica Adult Care, Inc., The Meadows of Hermitage, Inc., The Meadows of Fayetteville, Inc. and The Meadows of Wilmington, Inc. filed

petitions for relief under chapter 11 of the Bankruptcy Code. These cases were subsequently converted to cases under chapter 7. On February 4, 2008, the court entered an order allowing the substantive consolidation of the cases and appointed James B. Angell as trustee. The consolidated cases are administered under the case of Caremerica, Inc., Case No. 06-02913-8-JRL.

On September 14, 2008, the trustee filed the complaint in this adversary proceeding seeking to avoid and recover alleged preferential and fraudulent transfers made by the debtors to the First Eastern. On December 23, 2008, the trustee filed an amended complaint seeking to avoid and recover alleged preferential and fraudulent transfers. On July 28, 2009, this court entered an order allowing the defendant's motion to dismiss, but giving the trustee permission to re-plead his claims under the pleading standards set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The trustee timely filed his amended complaint, and First Eastern filed the instant motion to dismiss.

The trustee's first cause of action seeks to avoid allegedly preferential transfers in the approximate amount of $389,000. First Eastern contends that the trustee failed to sufficiently allege the existence of an antecedent debt as required by 11 U.S.C. § 547(b)(2). The trustee attached an Exhibit B to the amended complaint, which details the charges assessed and the payments made, and shows an accumulating arrearage over time. First Eastern maintains that the payments made were for monthly rent, and that because the payments were never sufficient to cover even the rent due for a particular month, the transfers could not be preferential.

The trustee has alleged facts that, if true, render plausible the assertion that a transfer was made for or on account of an antecedent debt. The trustee's exhibits show the running accounts for rents due, but the trustee does not have information about how the payments were applied. If the

2

payments were applied to the oldest debt first, rather than to the current month's rent, then they were applied to antecedent debt. The defendant's other arguments go to whether the payments were made in the ordinary course of business or whether new value was provided. Both of these arguments would exempt the transfers from avoidance as preferences, but they must be pled as affirmative defenses and cannot be the basis of a motion to dismiss. The trustee has met his pleading burden, and the motion to dismiss the first cause of action will be denied.

The second cause of action seeks to avoid allegedly fraudulent transfers pursuant to 11 U.S.C. §§ 548(a)(1)(A) and (a)(1)(B). The trustee concedes that there are no facts to support a claim for actual fraud, and the motion to dismiss the § 548(a)(1)(A) cause of action will be allowed.

With respect to the constructive fraud claim of § 548(a)(1)(B), First Eastern maintains that if the transfers were made to pay antecedent debt, the debtors received consideration that prevents a finding of a fraudulent transfer. The trustee contends that this claim is pled in the alternative to the § 547 claim. According to the trustee, the uncertainty regarding the relationship between the debtors and the defendant creates a question of whether the defendant gave any consideration to the debtors. Specifically, First Eastern was collecting rent from the debtors. First Eastern is not the landlord, but may be an assignee of the landlord, Powell/Rhoades, LLC. First Eastern does not have a contractual relationship with the debtors. The trustee does not have sufficient information to determine why First Eastern was receiving the rent, and thus whether the debtors received anything of value from First Eastern in exchange for the transfers.

This issue is sufficiently pled in the trustee's amended complaint, and the facts that will determine whether First Eastern is a creditor of the debtors must be developed through discovery. Those facts will help to establish which of the trustee's alternative claims may be pursued.

Based on the foregoing, the motion to dismiss is **ALLOWED** with respect to the § 548(a)(1)(A) claim, and **DENIED** as to all other claims.

**END OF DOCUMENT**